E-FILED
Tuesday, 28 October, 2025  03:10:58 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| AUTUMN MOSBY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-03335 |
| | ) | |
| v. | ) | |
| | ) | |
| FOUR POINTS RV RESORTS OF IL, LLC, | ) | |
| d/b/a JELLYSTONE PARK PINE LAKES | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Autumn Mosby ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, Four Points RV Resorts of IL, LLC d/b/a Jellystone Park Pine Lakes ("Defendant"), and alleges:

**NATURE OF PLAINTIFF'S CLAIMS**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") for Defendant's failure to pay minimum wage for all hours worked to Plaintiff and other similarly situated persons.

2.    This lawsuit arises under the Illinois Minimum Wage Law (820 ILCS 105/4a) ("IMWL") seeking redress for Defendant's failure to pay overtime wages.

3.    This lawsuit further arises under FLSA, seeking redress for Defendant's retaliatory discharge of Plaintiff's employment in response to Plaintiff's FLSA protected activity.

**JURISDICTION AND VENUE**

4.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the FLSA, 29 U.S.C. § 201 *et seq.*, is a federal statute.

5. Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. § 1391(b) insofar as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. At all times material to the allegations in this Complaint, Plaintiff resided in Brown County in the State of Illinois.

7. At all times material to the allegations in this Complaint, Defendant was a limited liability company doing business and operating in Pike County, Illinois, located at 1405 Lake View Heights, Pittsfield, IL 62363.

## BACKGROUND FACTS

8. Plaintiff was employed by Defendant as a bartender (a non-exempt employee) from on or about July 12, 2025, until she was wrongfully terminated on or about August 8, 2025.

9. Plaintiff's job duties included, but were not limited to, serving and attending to customers.

10. Plaintiff performed a specific job which was an integral part of the business of Defendant.

11. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

12. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

13. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14.     Plaintiff regularly worked more than forty (40) hours per week, including but not limited to the pay periods, from July 12, 2025, until on or about August 8, 2025.

15.     Defendant's General Manager, Quinton Salmon, was responsible for approving Plaintiff's work hours and ensuring proper compensation for all hours worked.

16.     Salmon was the Defendant's General Manager.

17.     Plaintiff alleges that Salmon, as her supervisor, stole approximately 80 hours from her paychecks by failing to accurately record her work hours, resulting in a total loss of about $1,500.00 in wages.

18.     On August 8, 2025, Plaintiff confronted Salmon about the missing hours and pay. Salmon responded by claiming it was Plaintiff's fault for not keeping track of her hours, despite Plaintiff's diligent record-keeping and prior complaints regarding missing pay.

19.     When Plaintiff requested the corporate phone number to file a formal complaint, Salmon refused to provide it.  Plaintiff claims she was unable to obtain a contact number for corporate through any available channels, including online resources.

20.     Shortly after the confrontation, Plaintiff was terminated without explanation or reason provided by Defendant.

21.     Upon information and belief, Defendant has engaged in similar practices of underpaying and stealing wages from other employees in addition to Plaintiff.

22.     Plaintiff has suffered financial hardship as a result of Defendant's unlawful conduct, including emotional distress and mental anguish.

23.     Plaintiff was never able to file a formal complaint against Salmon due to his refusal to provide a means of contact for the corporate office, and despite her attempts, no alternative contact information was made available.

3

## 29 U.S.C. § 206(a) COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff asserts Plaintiff's Count I under the FLSA, pursuant to 29 U.S.C. § 206(a) on behalf of Plaintiff and on behalf of all similarly situated employees currently and formerly employed by Defendant.

25.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206(a) Class: All current and former non-exempt non-salaried employees of Four Points RV Resorts of IL, LLC d/b/a Jellystone Park Pine Lakes who were not compensated at least minimum wages for all hours worked.**

26.     All potential § 206(a) Class Members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff asserts Plaintiff's Count I and Count II claims, pursuant to 29 U.S.C. § 216(b) on behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

28.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **216(b) Class: All current and former employees of Four Points RV Resorts of IL, LLC d/b/a Jellystone Park Pine Lakes who were not compensated overtime wages for those hours worked in excess of forty (40) hours within a work week.**

29.     All potential § 216(b) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were paid without regard to the actual number of hours worked, which exceeded forty (40) hours a work week.

4

## COUNT I
### Violation of the Fair Labor Standards Act – Failure to Pay Minimum Wages
### (Plaintiff on her own behalf and on behalf of all similarly situated employees)

30.     Plaintiff hereby repeats and incorporates all preceding paragraphs as if set forth fully herein.

31.     This count arises from Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay minimum wages to Plaintiff for all time worked.

32.     During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

33.     Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

34.     Pursuant to 29 U.S.C. § 206, for all weeks during which Plaintiff and all other similarly situated employees worked they were entitled to be compensated at a rate 100% of their regular rate of pay.

35.     Defendant did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

36.     Defendant's failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

37.     Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff minimum wage pay for all times worked.

## COUNT II
### Violation of the IMWL, 820 ILCS 105/4a. – Failure to Pay Minimum Wages
### (Plaintiff individually only)

38.     Plaintiff hereby repeats and incorporates all preceding paragraphs as if set forth fully herein.

39.     This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

40.     The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

41.     Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1). Pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked.

42.     Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked.

43.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover their unpaid wages, damages of 5% of the amount of any such underpayment for each month following the date of payment during which such underpayments remain unpaid.

## COUNT III
### Violation of the Fair Labor Standards Act – Retaliation
### (Plaintiff, individually)

44.     Plaintiff hereby repeats and incorporates all preceding paragraphs as if set forth fully herein.

45.     This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their retaliation against Plaintiff for engaging in protected activity.

46.     During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

47.     Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours worked.

48.     Pursuant to 29 U.S.C. § 215, Plaintiff engaged in protected activity under the FLSA when she complained to Defendant about the continuing wage violations.

49.     As such, Plaintiff was protected from retaliation under the FLSA as a result of her inquiries about wages owed.

6

50.    Plaintiff suffered an adverse employment action when she was terminated.

51.    As a direct and proximate result of Plaintiff's complaints about Defendant's failure to pay Plaintiff her wages owed, Plaintiff was terminated on or about August 8, 2025.

52.    Defendant's failure and refusal to pay minimum wages for all hours worked following Plaintiff's engagement in protected activity was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 215.

53.    As a direct and proximate result of the violations described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and requests this Court award damages including:

A. A judgment in the amount of Plaintiff's regular rate of pay for all hours in which Plaintiff worked;

B. Lost Wages

C. Compensatory damages for pain, suffering, mental anguish, loss of enjoyment of life;

D. Liquidated damages in an amount equal to the amount of compensation found due;

E. Reasonable attorneys' fees and costs incurred in filing this action; and

F. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: October 28, 2025                    Respectfully submitted,


/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331)307-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

8